UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JAMES ALMAGNO, individually and on :
behalf of all similarly situated current :
and former employees of the CENTRAL :
COVENTRY FIRE DISTRICT, :
:
    v.     :     C.A. No.
:
CENTRAL COVENTRY FIRE :
DISTRICT :

## COMPLAINT

1. This action is brought by Plaintiff James Almagno, a firefighter currently employed by the Central Coventry Fire District ("the District"), on behalf of himself individually and on behalf of all affected current and former employees of the District (hereinafter referred to collectively as "Plaintiffs").

2. Plaintiffs bring this action for declaratory judgment, overtime pay, liquidated damages and other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et. seq. ("FLSA").

3. Defendant's willful violations of the FLSA include intentionally failing and refusing to pay Plaintiffs all compensation due them under the FLSA and its implementing regulations.

## JURISDICTION

4. Jurisdiction over this action is conferred on this court by 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1337.

5. Declaratory Relief is authorized under 28 U.S.C. §§2201 and 2202.

6. This Court is the proper venue for this action pursuant to 28 U.S.C. §1391(b).

## PARTIES

7. Plaintiffs are or were, at all relevant times, employees of the District within the meaning of the FLSA §203(c).

8. Each Plaintiff has consented to becoming a member of this action pursuant to 29 U.S.C. §216(b).

9. The District is a quasi-municipal corporation located in Coventry, Rhode Island.

10. The District is an employer within the meaning of 29 U.S.C. §203(d).

## FACTUAL BACKGROUND

11. Plaintiffs are or were represented by the Coventry Firefighters Union, Local 3372, IAFF ("the Union").  The Union and the District are parties to a collective bargaining agreement ("CBA") governing terms and conditions of Plaintiffs' employment for the period September 1, 2015 through August 31, 2020.

12. Plaintiffs' employment was, at all relevant times, subject to the CBA.

13. Pursuant to Article III, Section 1A of the CBA, "the regular hourly rate of pay for all full-time employees who work the three-platoon rotating schedule shall be equal to one fifty-sixth (1/56th) of his/her regular weekly pay."

14. Employees who work the three-platoon rotating schedule, as aforesaid, perform the duties of Firefighter/EMT as defined in Article I Section 6A of the CBA.

15. Pursuant to Article III, Section 3 of the CBA, "when the District reaches One Hundred Twenty Thousand Dollars ($120,000.00) in overtime expenses (i.e., time and one half pay) in any fiscal year… the District shall pay firefighters … their straight time hourly rate… for each hour actually worked in excess of 212 hours."

16. During the period April 2, 2016 to the present, Plaintiffs regularly performed work in excess of 212 hours in a 28-day period.

17. During the period April 2, 2016 to the present, the District failed and refused to compensate Plaintiffs at the rate of time-and-one-half for all hours worked in excess of 53 hours for week, or 212 hours of the 28-day work period.

18. In addition to performing Firefighter/EMT duties, some Plaintiffs performed fire marshal duties, as defined in Article I Section 6B of the CBA, and "collateral duties," as defined in Article I Section 6C of the CBA.

19. Pursuant to Article III Section 4 of the CBA, "collateral duties" include teaching and instructing bargaining unit members and performing facility upgrades.

20. Pursuant to Article III Section 4 of the CBA, employees that perform collateral duties are compensated with collateral duty pay.

21. Plaintiffs that perform collateral duties are acting in the same capacity in which they act during their regularly scheduled shift.

22. Plaintiffs' performance of collateral duties is neither occasional nor sporadic.

23. During the period April 2, 2016 to the present, Plaintiffs regularly performed collateral duties and fire marshal duties for the District.

24. When Plaintiffs performed collateral duties and fire marshal duties, as aforesaid, they worked in excess of fifty-three (53) hours per week for the District, and in excess of two hundred and twelve (212) hours for the twenty-eight (28) day cycle.

25. The District failed to compensate Plaintiffs at the rate of time-and-one-half their regular rate for work performed in excess of fifty-three (53) hours per week for the District, and in excess of two hundred and twelve (212) hours for the twenty-eight (28) day cycle.

26. Article II Section 3 of the CBA requires the District to compensate employees who work out-of-rank at the hourly rate for the rank they are filling for the specific shift.

27. During the period April 2, 2016 to the present, Plaintiffs were compensated for work performed out-of-rank.

28. During the period April 2, 2016 to the present, the District failed and refused to include Plaintiffs' out-of-rank pay for purposes of calculating their regular rate under the FLSA.

29. In or about February, 2018, the U.S. Department of Labor ("DOL") began investigating the District for alleged violations of the FLSA.

30. Thereafter, the Secretary of Labor and the District, by and through its Manager, Gayle Corrigan, entered in a statute of limitations tolling agreement ("Tolling Agreement").

31. Pursuant to the Tolling Agreement, the Secretary agree to withhold immediate filing of legal proceedings under the FLSA to allow time for the Secretary and District to discuss and attempt to resolve the matter.

32. In exchange, the District agreed that the statute of limitations will be tolled beginning on February 24, 2018. "Any legal or equitable proceedings that may be brought against the Employer(s) as a result of the Secretary's findings from this investigation or by affected employees will be deemed to have been filed on the Tolling Date."

33. During the period 2018 through 2019, the DOL, by and through its investigator, conducted an extensive review of the District's payroll records and interviewed various witnesses.

34. The DOL investigation concluded that the District violated several provisions of the FLSA by, *inter alia,* 1) "failing to combine all hours worked (firefighter, collateral duty, Fire Marshall hours) in the week for overtime purposes and failing to include out-of-rank payment in

the regular rate" and 2) "paying the firefighters straight time for all overtime hours worked after the District reached the overtime cap specific in the CBA each fiscal year."

35. The DOL investigation concluded that for the period April 2, 2016 through March 24, 2018, the District owed back wages to Plaintiffs totaling $139,484.47.

36. The DOL investigation concluded that, as of May 6, 2019, the District was continuing to compensate employees in violation of the FLSA.

37. On May 6, 2019, the DOL Investigator "confirmed Corrigan's explanation of how firefighters are currently being paid and" informed the District's Attorney, David D'Agostino, "that the method of payment is still not in compliance with the FLSA."

38. Thereafter, the District informed the DOL Investigator that it would not be paying the back wages owed.

39. The DOL investigation report concluded that the "Investigator will determine the current status of compliance after reviewing the Firehouse records."

40. The DOL Compliance Action Reports recommend litigation on this matter.

41. The parties attempted to resolve the dispute, but the District has refused to provide any payment for back wages owed.

42. On August 28, 2020, Plaintiffs, through their attorney, provided the District, through its attorney, with formal notice of its intent to institute legal proceedings.

### CLAIM FOR RELIEF

43. Plaintiffs hereby incorporate by reference paragraphs 1 through 42 of the Complaint as if fully set forth herein.

44. Defendant has miscalculated the regular rate of pay for Plaintiffs under 29 C.F.R Part 778.

45. Defendant has violated and continues to violate the FLSA by failing and refusing in a willful and intentional manner to pay Plaintiffs and other similarly situated employees all overtime compensation due them under the FLSA and its implementing regulations.

46. Defendant has, by the individual and/or concerted acts and/or omissions of its agents and representatives, including, but not limited to, those described herein, violated the FLSA, thereby causing Plaintiffs to suffer damages as aforesaid, for which they are entitled to relief pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiffs respectfully request that this Court:

a. Enter declaratory judgment that Defendant has willfully and intentionally violated its statutory obligations and deprived Plaintiffs of their entitlement under the law, as alleged herein;
b. Order Defendant, under the supervision of Plaintiffs' counsel or their designated agents or representatives, to make a complete and accurate accounting of all FLSA time and corresponding payment due to each Plaintiff for hours worked from April 2, 2016 to the present;
c. Enter judgment under FLSA Section 216 against Defendant for all sums found due each Plaintiff;
d. Award each Plaintiff monetary liquidated damages equal to their unpaid FLSA compensation, plus interest;
e. Award Plaintiffs their reasonable attorney's fees and costs of this action to be paid by Defendant; and
f. Grant such other and further relief as the court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs pray trial by jury on all issues triable by right to a jury.

                Plaintiffs,
                By their attorney,


                /s/   Elizabeth Wiens
                Elizabeth Wiens, Esq. (#6827)
                Gursky | Wiens Attorneys at Law, Ltd.
                1130 Ten Rod Rd., Ste C207
                North Kingstown, RI 02852
                Tele: (401) 294-4700
                Fax:  (401) 294-4702
                ewiens@rilaborlaw.com


**Dated:** October 15, 2020